MANUFACTURERS TRUST COMPANY, Appellant, *v.* RICHARD E. WELDON, Respondent.

(Argued May 3, 1935; decided May 22, 1935.)

*William J. Granger* and *Leonard G. Bisco* for appellant.

*Richard E. Weldon,* in person, and *George Kent Weldon* for respondent.

LOUGHRAN, J. A court having jurisdiction has confirmed a composition made by defendant, a bankrupt, with plaintiff and other creditors, whereby he proposed to pay them in cash twenty per cent of their respective claims. This is an action to recover, with interest, defendant's indebtedness to plaintiff so fixed.

. The sole defense is predicated upon two writings filed by plaintiff with the court prior to confirmation of the composition. One of these instruments is a waiver of the deposit by defendant of the consideration proposed to be paid to plaintiff. (Bankruptcy Act, § 12 [b]; U. S. Code, tit. 11, § 30; *Kinkead* v. *Bacon & Sons,* 230 Fed.

Rep. 362, 366.) ˙ The other writing is an affidavit of an officer of plaintiff drafted by defendant and submitted to satisfy the court of the good faith of the parties. The body of the affidavit reads as follows: " That the said Trust Company [plaintiff] is one of the creditors of Richard E. Weldon [defendant], the above-named bankrupt, in the sum of $22,425.06. That * * * said Trust Company expects to receive payment in full of said 20% at some later time as if and when said bankrupt may be able to make such payment. That said Trust Company has waived the 20% composition payment, and in addition has made a new advance of eleven thousand dollars ($11,000) to said bankrupt upon the security of a first mortgage on the bankrupt's residence at Flushing, New York, for the purpose of assisting said bankrupt in rehabilitating his financial condition because of cordial business relations extending over a long period of time, and because of the feeling of friendship of several officers of the Trust Company for the said bankrupt and their confidence in his integrity and ability."

This action was commenced more than three years after confirmation of the composition. The Trial Term dismissed the complaint, without prejudice, on the ground that " the evidence conclusively shows that the defendant is not yet able to make the payment provided for in said waiver and affidavit." Plaintiff appeals from an affirmance of that ruling by the Appellate Division.

The parties are agreed that the waiver of benefit of the deposit exacted by section 12 (b) of the Bankruptcy Act is not a waiver of payment of the amount to be received by plaintiff by virtue of the composition. ( Kinkead v. Bacon & Sons, supra.) As we understand defendant's position, it is that the representation to the court that plaintiff expected to be paid " as if and when said bankrupt may be able to make such payment " imports a legally binding agreement that defendant is to pay only when his pecuniary ability can be proved by plaintiff.

We can discover no such contract. The purpose of the writings relied on by defendant was to obtain judicial approval of his arrangement for a composition payment to plaintiff. It would be an extraordinary result if the same papers should be held to rescind that arrangement, and to substitute an agreement postponing plaintiff's right to the payment until defendant had satisfied his unconditional obligations to other creditors. The parties have not expressed that purpose. "Men can justly rely on one another's intentions, and courts of justice hold them bound to their fulfilment, only when they have been expressed in a manner that would convey to an indifferent person, reasonable and reasonably competent in the matter in hand, the sense in which the expression is relied on by the party claiming satisfaction." (Pollock on Principles of Contract [9th ed.], p. 2.) Testing the transaction in question by such a standard, we find no obstacle to this action.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; CRANE, Ch. J., and FINCH, J., taking no part.

Judgments reversed, etc.